UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YVELAN PIERRE,

          Plaintiff,

v.

                                           Case No. 3:25-cv-1328-MMH-SJH

SECRETARY RICKY D. DIXON,
et al.,

          Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Yvelan Pierre, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1; Complaint.)[1] He moves to proceed in forma pauperis (Doc. 2). Also before the Court is "Plaintiff['s] Request for an Emergency Injunction and A[n] Emergency Temporary Restraining order" (TRO Request; Doc. 7).

In his Complaint, Pierre names eight defendants: (1) Ricky D. Dixon, Secretary, Florida Department of Corrections (FDOC) (2) Paul Allen, Warden; (3) J. Parrish, Assistant Warden; (4) T. Lancaster, Classification Supervisor; (5) Colonel C. Dube; (6) B. Bullard, Classification Officer; (7) B. Blanton,

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Classification Officer; and (8) Brittany D. Gooding, Classification Officer. Complaint at 1–3, 13–14. Pierre alleges that he was "kidnapped" and is currently falsely imprisoned on an invalid judgment and sentence. Id. at 4–5, 12. He further asserts he was confined in unfavorable conditions from June to September 2025 and that two defendants interfered with his access to the grievance process. Id. at 12. As relief, Pierre seeks immediate release from prison and damages. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district

judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Pierre's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Liberally read, Pierre's Complaint fails to state a plausible § 1983 claim. Initially, to the extent Pierre seeks immediate release, his sole federal remedy is through a writ of habeas corpus, not a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when a prisoner challenges the fact or duration of his confinement, the sole federal remedy is a writ of habeas corpus); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (finding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting Preiser, 411 U.S. at 489). Moreover, to the extent Pierre seeks monetary damages for his claims regarding his "kidnapping" and "false imprisonment," those claims are barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). In Heck, the United States Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

6

Id. at 486–87; Mitschell v. Donald, 213 F. App'x 920, 922 (11th Cir. 2007)[3] (affirming dismissal of false imprisonment claim based on Heck bar where plaintiff did not demonstrate "his imprisonment sentence was invalidated or called into question by any court prior to his filing of his civil complaint.") Here, Pierre has not demonstrated that his conviction or sentence has been invalidated or called into question by any court prior to filing his Complaint. Thus, he has not stated a cognizable § 1983 claim in this regard.

Moreover, inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (citing Bingham, 654 F.3d at 1177; Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); see Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015) (finding the district court did not err in dismissing the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges[ b]ecause the prison grievance procedure does not create a protected liberty interest"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

7

the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Thus, to the extent Pierre alleges Defendants Bullard and Blanton interfered with his ability to file grievances to the Inspector General, he similarly fails to state a claim.

Lastly, regarding Pierre's allegation that he suffered cruel and unusual punishment because he was housed in a unit with no exhaust system or cold water from June to September 2025, he has failed to state a claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). "To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id.[4] The challenged condition

---

[4] Chandler, 379 F.3d at 1289.

8

must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.

Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Oliver, 739 F. App'x at 969–70. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

To state a claim that his conditions of confinement violated the Eighth Amendment, Pierre must allege that Defendants were deliberately indifferent to conditions that were "sufficiently serious." Chandler, 379 F.3d at 1288. Conditions of confinement are "sufficiently serious" only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

Pierre fails to present factual allegations sufficient to satisfy the objective or subjective components of a deliberate indifference claim. His

cursory allegation that he was in a dorm without an exhaust system and without cold water for two months, without more, does not allege a condition that "pose[d] an unreasonable risk of serious damage to [his] future health or safety." Pierre further fails to allege that any named Defendant had subjective knowledge of either condition or that he advised anyone of any harsh condition. His conclusory allegations are insufficient to show that any named Defendant disregarded an excessive risk to his health by conduct that was more than mere negligence. Thus, these facts do not state a constitutional violation. As Pierre has failed to state any viable claim, this case is due to be dismissed without prejudice to Pierre's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to state a plausible if he elects to do so.

Turning to Pierre's TRO Request, the Court determines that it is due to be denied. As an initial matter, the Court notes that Pierre's request fails to comply with the requirements of the applicable Federal Rules of Civil Procedure and the Court's Local Rules. See, e.g., Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements for a motion seeking a temporary restraining order or preliminary injunction). More importantly, however, his request fails on the merits. To demonstrate entitlement to injunctive relief, a movant must satisfy four elements, including "a substantial likelihood of success on the merits." Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health, 50 F.4th 1126, 1134–35 (11th Cir. 2022); Keister v.

10

<u>Bell</u>, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Because Pierre fails to state a plausible claim for relief against Defendants, he is unable to demonstrate a likelihood of success on the merits of his purported claims. Thus, Pierre's TRO Request will be denied.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     "Plaintiff['s] Request for an Emergency Injunction and A[n] Emergency Temporary Restraining order" (Doc. 7) is **DENIED**.

2.     This case is **DISMISSED without prejudice.**

3.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

C:     Yvelan Pierre, #J40110

11